NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3358

_____

UNITED STATES OF AMERICA

v.

KYLE PAINE,
                    Appellant

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(District Court No. 2-20-cr-00055-001)
District Judge:  Honorable Gerald J. Pappert

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) October 19, 2023

_____

Before:  CHAGARES, Chief Judge, PHIPPS and CHUNG, Circuit Judges

(Filed:  November 9, 2023)
_____

OPINION*

_____

CHUNG, Circuit Judge.

---

\*      This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

In January 2020, Kyle Paine was convicted of attempting to entice a minor to engage in sexual conduct in violation of 18 U.S.C. § 2422(b), attempting to transfer obscene material to a minor in violation of 18 U.S.C. § 1470, and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Paine appeals his convictions, arguing that the government failed to introduce sufficient evidence to prove his guilt, that the District Court unconstitutionally deprived him of the opportunity to present a complete defense, that the District Court erred in admitting highly prejudicial evidence of uncharged acts, and that introduction of this evidence constructively amended his Indictment in violation of the Fifth Amendment of the U.S. Constitution. Because the District Court did not err and because any errors were harmless, we affirm.

I.    <u>BACKGROUND</u>[1]

In March 2019, Paine, operating under the username "toystorybro9239," used the mobile messaging application Kik to contact user "katiedoll2000." Unbeknownst to Paine, this account was operated by an undercover FBI Special Agent ("UC"). Shortly after Paine started the conversation, the UC, using the name "Katie," told Paine that he was an eleven-year-old girl. Paine, who was twenty-five at the time, responded that he was eighteen years old. Over the next three days, Paine proceeded to send the UC a series of sexually explicit messages. Among other things, he told the UC that he wanted to engage in sexual intercourse with "Katie" and her friend "Piper" (also purportedly eleven years old), sent a picture of his genitals, and sought naked pictures from both girls.

---

[1]    Because we write for the parties, we recite only facts pertinent to our decision.

He also arranged a meetup with "Katie" and "Piper" so that the three of them could have sex. When the time for the meetup arrived, Paine did not show.

Using the Verizon IP address associated with the Kik account, law enforcement identified Paine as the possible user of the "toystorybro9239" account. On April 3, 2019, Bensalem Police Detectives spoke with Paine at his home, and he admitted to having a Kik conversation with a person whom he believed was an eleven-year-old girl. He also acknowledged that he sent her a picture of his genitals and asked for photos of hers in return.

Following Paine's admissions, law enforcement searched Paine's home and electronic devices and discovered identifying information that allowed officers to further link Paine to the Kik account. The search revealed that Paine had a collection of Toy Story figures and memorabilia in his bedroom, aligning with the "toystorybro9239" username used to communicate with the UC. The bedsheets in his bedroom also matched the sheets that appeared in the photo that Paine sent the UC of his genitalia. Officers seized two cell phones—a Samsung S8 and a Samsung S9—with additional identifying information. Both phones used a cell phone number that was associated with Paine and contained selfie-style photos of him. The S9 contained child pornography and photos of Paine's family, figurines that he collected, his pay stub, and a doctor's note with his name on it. The S8 contained photos of Paine's bedroom; a photo of male genitalia that resembled the photo Paine sent the undercover agent; two email accounts for "kpaine;" the email address linked to the "toystorybro9239" Kik account; and a screenshot of an

3

attempt to log in to the Kik account overlaid with an error message stating that the account had been suspended.

In 2020, a grand jury charged Paine with use of an interstate commerce facility to attempt to entice a minor to engage in sexual conduct in violation of 18 U.S.C. § 2422(b) (Count One), attempted transfer of obscene material to a minor in violation of 18 U.S.C. § 1470 (Count Two), and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Three). He was convicted after a three-day jury trial in September 2021.

During his trial, the District Court permitted the government to introduce evidence of uncharged acts pursuant to Federal Rule of Evidence 404(b)(2). This evidence related to sexual conversations and conduct that Paine had with a fifteen-year-old girl, R.H., when he was twenty-two. R.H. testified that Paine met R.H. online when she was fourteen years old. For the next several months, Paine engaged in sexually explicit conversations with R.H., including sending her naked photos of himself and asking her to do the same. In December 2015, R.H. got in a fight with her parents. Paine travelled twelve hours round trip with his father to get R.H. from her home in the middle of the night and bring her back to his house. R.H. testified that, once at his home, Paine and R.H. engaged in sexual conduct before police arrived to return her to her parents. Paine rebutted this testimony with evidence that, upon arrival at his parent's home, R.H. never left the living room and waited there with Paine's mother until the police arrived.

On November 1, 2021, Paine filed a motion seeking a judgment of acquittal under Federal Rule of Criminal Procedure 29 or, in the alternative, a new trial under Rule 33.

4

The motion challenged the sufficiency of the evidence presented at trial, the District Court's admission of the Rule 404(b) evidence, and the District Court's refusal to allow one of Paine's witnesses to testify. The District Court denied the motion in full. On December 8, 2022, the District Court sentenced Paine to 330 months in prison with a lifelong term of supervised release.

II.     DISCUSSION[2]

On appeal, Paine raises the same arguments that were raised, and rejected, when he litigated his motion for acquittal. He also raises the new argument that admission of the Rule 404(b) evidence constructively amended his Indictment such that he was convicted for that incident in addition to the conduct charged. For the reasons explained below, these arguments fail, and we will affirm Paine's conviction in full.

A.     Sufficiency of the Evidence

In reviewing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The "jury's verdict must be assessed from the perspective of a reasonable juror, and the verdict must be upheld as long as it does not 'fall below the threshold of bare rationality.'" United States v. Caraballo-Rodriguez, 726 F.3d 418, 431 (3d Cir. 2013) (quoting Coleman v. Johnson, 565 U.S. 650,

---

[2]     The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

656 (2012) (per curiam)). We conclude that this threshold has been met.

### 1. The Evidence was Sufficient to Prove Identity as to All Counts

With respect to all counts, Paine argues that the government's evidence was insufficient for the jury to find that he was responsible for the crimes alleged in his Indictment. He argues, for example, that his admission to law enforcement officers only indicates that he had a sexually-charged conversation with *some* individual who claimed to be an eleven-year-old girl—not necessarily with the UC. Paine also challenges attribution to him of the S8 and S9 cell phones because they were discovered in a common area of the home he shared with his parents. Paine also asserts that little to "[n]o evidence was submitted identifying [him] as the owner, operator, or subscriber" of either phone. Opening Br. 6, 9.

These arguments lack merit. In assessing Paine's guilt, the jury had a duty "to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. Here, the jury was presented with overwhelming evidence (detailed more fully above) from which the jury could infer that Paine was the Kik user who attempted to entice an eleven-year-old child to engage in sexual activity, the Kik user who sent a picture of his genitalia in an attempt to transfer it to an eleven-year-old child, and the person who used the S9 phone to download and possess child pornography. Paine's position simply ignores the inculpatory evidence the government presented and the reasonable inferences that a jury could draw therefrom.

6

## 2. The Evidence Was Sufficient as to Count One

In addition to identity, Paine contests the overall sufficiency of the evidence as to Count One, which charged him with violating 18 U.S.C. § 2422(b) (attempting to entice a minor to engage in sexual conduct). As to Count One, the government had to prove that Paine: "(1) acted with the requisite intent to violate the statute, and (2) performed an act that, under the circumstances as he believes them to be, constitutes a substantial step in the commission of the crime." United States v. Tykarsky, 446 F.3d 458, 469 (3d Cir. 2006).

The evidence showed that "Katie" told Paine that she was an eleven-year-old child in one of the first messages she sent him. Nonetheless, Paine continued to pursue the conversation and immediately began sending her sexually explicit messages. In those messages, Paine described the sexual activities he wanted to perform with "Katie" in an attempt to entice "Katie" and "Piper" into having sex with him, sent naked photos of himself in furtherance of that intention, and arranged to meet with and have sex with both girls. The evidence included Paine's admission that he engaged in conversation with a person whom he believed was an eleven-year-old girl and that he sent her an image of his genitalia.

This evidence was sufficient to establish Paine's subjective intent to violate § 2422(b) and to establish a substantial step taken by Paine towards that violation. See Tykarsky, 446 F.3d at 469 ("The instant messages and the statements that [the defendant] made to FBI agents upon his arrest establish[ed] [the defendant]'s subjective intent" and constituted a substantial step toward violating § 2422(b)); United States v. Nestor, 574

7

F.3d 159, 161 (3d Cir. 2009). Paine argues that the evidence was insufficient to prove his subjective intent because the Kik chat simply "discusses what [Paine] would like to do if the fictious 11[-]year[-]old were interested," which "alone would not arise to the level of chargeable criminal conduct of 18 U.S.C. § 2422(b)." Opening Br. 7. Far from absolving Paine of wrongdoing, Paine's argument only confirms that he intended to violate § 2422(b) subject to "Katie's" acquiescence. In sum, we find that ample evidence was presented for a rational jury to find Paine intended to violate, and took substantial steps towards violating, § 2422(b).

### 3. The Evidence was Sufficient as to Count Three

As with Count One, Paine not only contests identity but also the sufficiency of the evidence offered to prove Count Three (charging Paine with knowingly possessing child pornography transported by a facility of interstate commerce). We have already concluded above that the evidence was sufficient for a rational jury to find that Paine was the person who owned and operated the S9 phone on which the images were found. We also conclude that the government offered sufficient evidence that Paine transported the images in interstate commerce. The government introduced expert testimony that the photos were downloaded from the Internet,[3] and because "the Internet is an

---

[3] Paine argues that the government failed to prove that he transported child pornography in interstate commerce because "[n]o evidence was submitted to suggest from whe[re] the images were obtained; they very well could have been screenshots from a locally produced publication." Opening Br. 9. This argument disregards the expert testimony, discussed above, to which Paine stipulated.

instrumentality and channel of interstate commerce," this element is satisfied by such evidence. United States v. MacEwan, 445 F.3d 237, 245 (3d Cir. 2006).

B.     Opportunity to Present a Complete Defense

During his trial, Paine sought to introduce the testimony of a defense investigator to rebut evidence that Paine knowingly possessed child pornography, as alleged in Count Three. The defense proffered that the expert would testify that she conducted an Internet search for "young-looking females," which led her to a website with pornographic images of adult women who appeared to be minors. Suppl. App. 5–6. The expert would have described two specific images from the site as well as the site's disclaimer that all of its pornographic content depicted people who are eighteen years old and older. The defense explained that this evidence would demonstrate that it can be challenging to discern a person's age in pornographic images, which the defense argued was relevant to show that Paine did not knowingly possess pornographic images of children on his S9 phone. There was no evidence that Paine had ever visited the site, seen the two images, or read the disclaimer.

The District Court declined to admit this evidence, concluding that it was improper hearsay testimony and irrelevant. In declining to admit the pornographic images, the District Court first explained that "Paine sought to introduce the images to show that adult women may look like minors. But the images would only support that proposition if the women they depicted were in fact adults." App. 34. The District Court declined to admit the website's age disclaimer because it was inadmissible hearsay that "Paine made no effort" to argue came within any of the hearsay exceptions. Id. at 36.

9

Aside from the disclaimer, the District Court explained that Paine proffered no evidence of the individuals' actual ages. The District Court thus concluded that the evidence was irrelevant because "[w]ithout any way to establish the age of the models in the photos, the photos had no 'tendency … to make [any] fact more or less probable.'" Id. at 34 (quoting Fed. R. Evid. 401(a)).

Paine argues that the evidence should have been admitted because the website's disclaimer was subject to the business record exception at Federal Rule of Evidence 803(6) and that the District Court's evidentiary rulings deprived him of his right to present a complete defense. Both arguments fail. Paine never attempted to establish the necessary foundation for Rule 803(6) admission; thus, the District Court did not abuse its discretion in declining to apply the business record exception.

Paine's contention that the District Court's evidentiary rulings deprived him of his right to present a complete defense is also meritless.[4] The website and photographs were unknown to Paine and wholly unrelated to the photographs he was charged with possessing. The proffered evidence also did not establish that the evidence depicted

---

[4] "[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" Crane v. Kentucky, 476 U.S. 683, 690 (1986) (quoting California v. Trombetta, 467 U.S. 479, 485 (1984)). Though a defendant must be provided "a fair opportunity to defend against the State's accusations," Chambers v. Mississippi, 410 U.S. 284, 294 (1973), the "right to present relevant evidence is not unlimited" and "is subject to reasonable restrictions." United States v. Scheffer, 523 U.S. 303, 308 (1998). We review both a district court's decision about whether to admit evidence and its application of the hearsay rule for abuse of discretion. See United States v. Tyler, 281 F.3d 84, 98 (3d Cir. 2002); United States v. Serfani, 233 F.3d 758, 768 n.14 (3d Cir. 2000).

people over the age of eighteen. Accordingly, the evidence was irrelevant to his knowledge of the age of the children in the child pornography charged at Count Three. The District Court's refusal to admit the evidence here was therefore not an "arbitrary" or "disproportionate" decision, and we find no abuse of discretion.

C.     Admission of Evidence Regarding Prior Bad Acts and Constructive Amendment of the Indictment

Finally, Paine argues that the District Court erred in admitting the testimony about his previous interactions with R.H. because it constructively amended his Indictment in violation of the Fifth Amendment and because it was improper character evidence under Federal Rule of Evidence 404(b).[5]

Paine asserts that admission of R.H.'s testimony constructively amended his Indictment because he was effectively convicted for his uncharged sexual contact with her, in addition to or instead of the crimes charged in his Indictment. "An indictment is constructively amended when evidence, arguments, or the district court's jury instructions effectively 'amend[s] the indictment by broadening the possible bases for conviction from that which appeared in the indictment.'" United States v. McKee, 506 F.3d 225, 229 (3d Cir. 2007) (alteration in original) (quoting United States v. Lee, 359 F.3d 194, 208 (3d Cir. 2004)).

---

[5]     Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But such evidence may be introduced "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

We have held that when a jury is provided with proper limiting instructions for Rule 404(b) evidence, such evidence does not constitute a constructive amendment. United States v. Fattah, 858 F.3d 801, 818 (3d Cir. 2017), as amended (June 12, 2017). Here, the District Court provided a clear limiting instruction to the jury on how it could consider the evidence. App. 120–21. The government reiterated in closing that the evidence was introduced to demonstrate Paine's intent, motive, and knowledge for the crimes charged in the Indictment and never suggested that Paine should be convicted based on his conduct with R.H. Paine's assertion that the Indictment was constructively amended therefore fails.

Paine's argument that he is entitled to a new trial based on the District Court's admission of evidence of his uncharged sexual conduct with R.H. also fails. We need not decide whether evidence of these uncharged acts was introduced for a proper purpose because, even assuming such admission was error, we find that any error was harmless. The harmless error standard instructs that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a). Under this standard, "the improper admission of evidence does not require reversing a conviction if it is 'highly probable that the error did not contribute to the judgment.'" United States v. Cross, 308 F.3d 308, 326 (3d Cir. 2002) (quoting United States v. Tyler, 281 F.3d 84, 101 n.26 (3d Cir. 2002) (citation omitted)). As discussed above, the evidence of Paine's identity as the perpetrator of the charged crimes and his knowledge and intent to commit them was overwhelming. In light of this evidence and the District

Court's limiting instruction, which the jury is presumed to have followed, we find that the evidence of his previous interactions with R.H. had no effect on Paine's convictions.

III.     CONCLUSION

For the foregoing reasons, we will affirm Paine's convictions on all counts and deny Paine's request that his sentence be vacated or that he be granted a new trial.